No. 19,379.

Jennings Frederick Mason, et al. *v.*
LeeVonia L. Benson.
(361 P. [2d] 349)

Decided April 24, 1961.

Mr. FRED J. PFERDESTELLER, for plaintiffs in error.

Mr. JOHN J. DOOLEY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the parties by name.

Plaintiffs in error, Jennings Frederick Mason and Evelyn Duff Mason, are husband and wife. Mrs. Mason is the sister of Gilbert LeRoy Duff, father of the three minor children, whose interests are involved in this proceeding. LeeVonia L. Benson is the maternal grandmother of the children.

The Masons, as uncle and aunt, and armed with a document of consent signed by the father, petitioned the county court of Weld County, seeking adoption of the three Duff boys. About four days later LeeVonia L. Benson filed a petition, asking the court to enter a decree of adoption in her favor. The caption of the case in this court on writ of error as designated by plaintiffs in error in the summons to hear errors, as well as in their opening brief, is erroneous. There was no action entitled "Jennings Frederick Mason and Evelyn Duff Mason vs. LeeVonia L. Benson" nor, in the converse, "LeeVonia L.

Benson v. Jennings Frederick Mason and Evelyn Duff Mason" in the lower court. In fact, in the trial court there were two actions. One was captioned, "In the matter of the petition of Jennings Frederick Mason for the adoption of William LeRoy Duff, Jackie Cleve Duff and Jefferson Lee Duff." The other action was designated, "In the matter of the petition of LeeVonia Benson for the adoption of William LeRoy Duff, Jackie Cleve Duff and Jefferson Lee Duff." So the existence of two separate and distinct proceedings in the county court seeking adoption of the identical children, points up that the Masons are not properly before this court and that their writ of error should be dismissed.

At the time of the hearing, the trial court, because the evidence in both cases related to the same children and would be in most respects identical, consolidated the two petitions for the purpose of the hearing. The record reveals, however, that the petitions were considered separately by the court, and at the conclusion of the hearing that of the Masons was denied. This action of the court in denying their petition was not challenged by the Masons at any time. The Benson petition was granted, but, pursuant to the statute, an interlocutory decree was entered, reserving final adjudication for a period of one year. At the end of the year the Masons appeared by leave of court in the Benson case and offered their own testimony, as well as evidence from psychiatrists, who advised the court as to the adjustment problems presented by this controversy as it would affect the growth and personality of the Duff children. However, the Masons bore no such relationship to the Duff children as would enable them to attack the Benson decree as parties in interest. In that proceeding they were nothing more than witnesses.

It is to be noted that at no time in the trial court, nor at any time in this court, has the father, the only one who, by reason of his natural rights, is in a position to challenge the proceedings, appeared, either in person or

by counsel, to protest the decree of adoption awarded to the Bensons.

Thus, on the state of the record, if the Masons are attempting by this writ of error to challenge the denial of their petition for adoption, they were not in apt time. The writ of error was issued out of this court on the 5th day of February 1960, more than fourteen months after their petition was denied on November 20, 1958.

■ Not being parties to the Benson proceeding and not being in the position of natural parents, they have no standing to claim any relief in that proceeding or to sue out a writ of error to the judgment and decree therein.

Notwithstanding our determination that the writ of error should be dismissed, we have reviewed the entire proceedings and are in accord with the determination of the trial court that it was for the best interests of the children that LeeVonia L. Benson be decreed the adoptive parent.

The writ of error is dismissed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.